Submitted on the petitions, answering memoranda of respondent, reply memorandum in support of petition (in S47377), and the record April 19, ballot title certified May 19, 2000

David FIDANQUE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47377)

Daniel W. MEEK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S47428)
(Cases Consolidated for Consideration and Opinion)

999 P2d 1140

Charles F. Hinkle, Portland, filed the petition and reply memorandum in support of petition in S47377.

Daniel W. Meek, *pro se*, Portland, filed the petition in S47428.

Douglas F. Zier, Assistant Attorney General, Salem, filed the answering memoranda for respondent. With him were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

PER CURIAM

## PER CURIAM

These two ballot title review proceedings, which this court consolidates for purposes of consideration and decision, are brought under ORS 250.085(2). Petitioners are electors who timely submitted written comments to the Secretary of State respecting the content of the draft ballot title for a proposed measure, designated Initiative Petition 156 (2000). They therefore are entitled to seek review of the ballot title that the Attorney General has certified. *See* ORS 250.085(2) (setting that requirement).

We have considered each of petitioners' arguments concerning the ballot title certified by the Attorney General. We conclude that none establishes that the Attorney General's certified ballot title fails to comply substantially with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d) (1997).[1] See ORS 250.085(5) (setting out standard of review). Accordingly, we certify to the Secretary of State the following ballot title:

AMENDS CONSTITUTION: APPLIES POTENTIAL
FUTURE CAMPAIGN CONTRIBUTION,
EXPENDITURE LIMITS TO SPECIFIED ENTITIES

RESULT OF "YES" VOTE: "Yes" vote applies potential Oregon corporate campaign contribution, expenditure limits to certain other corporations, unions.

RESULT OF "NO" VOTE: "No" vote rejects applying potential Oregon corporate campaign contribution, expenditure limits to other corporations, unions.

SUMMARY: Amends constitution. Current law allows unlimited campaign contributions and expenditures by

---

[1] The 1999 Legislature amended ORS 250.035 in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present measure is one to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035 (1997).

Oregon for-profit corporations. Measure requires any future campaign contribution or expenditure limits applied to Oregon for-profit corporations to be applied equally to out-of-state for-profit corporations and to public employee unions, including any political committee or entity receiving public employee union funds used for political purposes or commingled with money used for political purposes. Measure's provision would not limit contributions, expenditures by certain nonprofit corporations.

Ballot title certified. This decision shall become effective in accordance with ORAP 11.30(10).